THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES FOR THE USE AND BENEFIT OF
CORNERSTONE ONE LLC,

    Plaintiff,

v.

    Case No.

CHARPIE CONSTRUCTION CO., INC. and
ABC INSURANCE COMPANY,

    Defendants.

---

## COMPLAINT

---

Plaintiff, United States of America for the use and benefit of Cornerstone One LLC, by its counsel, as and for a Complaint against the above-named defendants, hereby shows and states to the Court as follows:

### PARTIES

1. The plaintiff, Cornerstone One LLC, is a limited liability company formed under the laws of the State of Wisconsin, with its principal place of business at 2085 Enterprise Avenue, Brookfield, Wisconsin 53045.

2. The defendant, Charpie Construction Co., Inc., is a corporation formed under the laws of the State of Illinois, with its principal place of business at 6615 N. Avondale Avenue, Chicago, Illinois 60631, and whose Registered Agent for service of process in the State of Wisconsin is E.J. Hallmann at 13160 W. Burleigh Rd, Suite 201, Brookfield, Wisconsin 53005.

3. The defendant, ABC Insurance Company, is an unknown insurance company, fictitiously plead herein, to be named by Amendment once identified.

4. That Charpie Construction Co., Inc. was the prime contractor for the USPFO-WI, Wisconsin National Guard for a construction project known as Repair by Replace Maintenance Oil Water Separator located at General Mitchell Field, 128th Air Refueling Wing, Milwaukee, Wisconsin 53207.

5. That on or about July 26, 2022, Charpie Construction Co., Inc., entered into a subcontract (Subcontract No. 2051) with Cornerstone One LLC under which Cornerstone One LLC was to provide labor, services, equipment and materials for the replacement of two (2) oil water separators per the Request for Quotation, Final Questions and Answers, drawings and specifications all referred to in the subcontract.

6. The defendant, ABC Insurance Company, upon information and belief, issued and supplied a payment bond to Charpie Construction Co., Inc. for payment of the labor and materials provided by Cornerstone One LLC on the project under its Subcontract No. 2051 with Charpie Construction Co., Inc. As surety under the payment bond, the defendant, ABC Insurance Company, is jointly and severally liable with its principal, Charpie Construction Co., Inc., to Cornerstone One LLC.

7. Pursuant to the Miller Act and in compliance with the terms of its prime contract for the project, Charpie Construction Co. Inc., as principal, and ABC Insurance Company, as surety, executed a payment bond, by which Charpie Construction Co., Inc. and ABC Insurance Company bound themselves jointly and severely in the penal sum of the prime contract amount to the United States of America to assure payment of the claims of all persons supplying labor and materials and the prosecution of the work on the project under the prime contract.

## JURISDICTION AND VENUE

8. Cornerstone One LLC is a first-tier contractor of Charpie Construction Co., Inc. on the project. Cornerstone One LLC has a right of action under the Miller Act and this Court has exclusive subject matter jurisdiction over this action pursuant to 40 U.S. C. §3133(b)(3)(B).

9. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 40 U.S.C. §3133(b)(3)(B), as the project was located, and work performed, in Milwaukee, Wisconsin, which is in a district to which the United States District Court for the Eastern District of Wisconsin has jurisdiction.

## FACTS COMMON TO ALL CLAIMS

10. That the subcontract directed Cornerstone One LLC to assume soils will need to be taken to Ridgeview Landfill, in Whitelaw, Wisconsin and would contain per- and poly-fluoroalkyl substances (PFAS).

11. That the subcontract stated that based on the soil profile obtained from test results any change in disposal of the soils would result in modification of the subcontract.

12. Soil profiles later obtained required disposal of the soils and an out-of-state facility at significant additional cost.

13. Instead of modifying Cornerstone One LLC's subcontract to pay for disposal of the soils at additional cost, Charpie Construction Co., Inc. has charged against Cornerstone One, LLC's subcontract for some of the additional soil disposal costs, in excess of the amounts included in the subcontract for soil disposal.

14. That Cornerstone One LLC submitted Applications and Certifications for Payment on the project to Charpie Construction Co., Inc. on dates and in amounts as follows:

| | |
|---|---|
| 6/21/2023 | $43,794.00 |
| 6/23/2023 | $59,125.00 |
| 7/20/2023 | $28,606.00 |
| 8/25/2023 | $10,000.00 |
| 9/27/2023 | $ 8,496.00 |
| TOTAL | $150,021.00 |

15. That after Charpie Construction Co., Inc. failed to make payment on Cornerstone One LLC's Applications and Certifications for Payment, Cornerstone One LLC provided to Charpie Construction Co., Inc. its Miller Act Notice demanding payment in the amount of $150,021.00 on or about July 14, 2024. That Charpie Construction Co., Inc. has failed and refused to pay the amounts due and owing Cornerstone One LLC pursuant to its subcontract and as set forth in Cornerstone One LLC's Miller Act Notice.

16. That Cornerstone One LLC requested information from Charpie Construction Co., Inc. regarding its contract with the owner and bond for the project, which Charpie Construction Co., Inc. failed and refused to provide. As a result, Cornerstone One LLC requested from the United State Property and finance Offices – Wisconsin Air National Guard a copy of the bond package for the project, which was not provided.

**COUNT 1 – MILLER ACT**

17. Plaintiff reincorporates and realleges paragraphs 1 through 16 as if fully set forth herein.

18. Cornerstone One LLC has a direct and contractual relationship with the prime contractor, Charpie Construction Co., Inc., for which a payment bond was furnished by ABC Insurance Company under 40 U.S.C. §3133(b)(1).

19. Cornerstone One LLC supplied materials and services under its subcontract with Charpie Construction Co., Inc. for replacement of two (2) oil water separators, and fully performed its obligations under the subcontract with Charpie Construction Co., Inc.

20. Cornerstone One LLC has not been paid within 90 days from the day which it last supplied materials or services for the project which this claim is made, and one year has not passed since Cornerstone One LLC last provided labor and materials on the project.

21. The amount due and owing to Cornerstone One LLC by Charpie Construction Co., Inc. on the project is not less than $150,021.00.

22. Pursuant to the Miller Act, Cornerstone One LLC is entitled to receive at least $150,021.00 under the Payment Bond obtained by Charpie Construction Co., Inc. from its surety, ABC Insurance Company, together with all attorneys' fees, costs and interest, and such other and further relief the Court may deem just and equitable.

## COUNT II - BREACH OF CONTRACT

23. Plaintiff incorporates and realleges paragraphs 1 through 22 as if fully set forth herein.

24. That Cornerstone One LLC substantially completed the work under its subcontract with Charpie Construction Co., Inc. and invoiced Charpie Construction Co., Inc. for the same.

25. That, to date, there is due and owing on the subcontract not less than $150,021.00 to Cornerstone One LLC from Charpie Construction Co., Inc.

26. That although due demand has been made, Charpie Construction Co., Inc. refuses and neglects to pay the same.

27. That Charpie Construction Co., Inc.'s failure to pay is a breach of contract by Charpie Construction Co., Inc. and has caused Cornerstone One LLC damages in the amount of the unpaid balance together with attorney's fees, costs and interest.

28. That Cornerstone One LLC is entitled to a money judgment in the amount of not less than $150,021.00 due and owing under the subcontract.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, the United States of America, for the use and benefit of Cornerstone One LLC demands judgment against the defendants as follows:

A. On the first cause of action, a judgment in the amount of not less than $150,21.00 on the Payment Bond.

B. On the second cause of action, a money judgment in the amount of not less than $150,021.00.

C. Costs, disbursements and attorneys' fees occurred in prosecuting this claim for breach of the subcontract.

D. Accrued interest.

E. For such other relief the Court may deem just and equitable.

Dated this 19th day of September, 2024.

By: /s/ Matthew R. Jelenchick
Matthew R. Jelenchick
SBN: 1037765
Niebler, Pyzyk, Roth & Carrig LLP
P.O. Box 444
N94W17900 Appleton Avenue, Suite 200
Menomonee Falls, WI 53052-0444
Telephone: 262-251-5330
Facsimile: 262-251-1823
mjelenchick@nieblerpyzyk.com

MRJ/ars